FILED

2012 DEC -4 PM 3: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY_____

1  BLECHER & COLLINS, P.C.
   Maxwell M. Blecher (State Bar No. 26202)
2     *mblecher@blechercollins.com*
   Donald R. Pepperman (State Bar No. 109809)
3     *dpepperman@blechercollins.com*
   Courtney A. Palko (State Bar No. 233822)
4     *cpalko@blechercollins.com*
   515 South Figueroa Street, Suite 1750
5  Los Angeles, California 90071-3334
   Telephone: (213) 622-4222
6  Facsimile: (213) 622-1656

7  Attorneys for Plaintiff
   Pro Search Plus LLC
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  SOUTHERN DIVISION

12  PRO SEARCH PLUS, LLC, a California )   CASE NO. CV SACV12-2102-JST
    limited liability company,          )                    (ANx)
13                                       )
              Plaintiff,                 )   **CIVIL COMPLAINT FOR**
14                                       )   **DAMAGES AND INJUNCTIVE**
          vs.                            )   **RELIEF FOR VIOLATIONS OF:**
15                                       )
    VFM LEONARDO, INC., a Canadian       )   **1) SECTION TWO OF THE**
16  corporation,                         )   **SHERMAN ACT – ACTUAL**
                                         )   **MONOPOLIZATION; 2)**
17            Defendant.                 )   **SECTION TWO OF THE**
                                         )   **SHERMAN ACT – ATTEMPT TO**
18                                       )   **MONOPOLIZE; 3) SECTION**
                                         )   **ONE OF THE SHERMAN ACT; 4)**
19                                       )   **SECTION 3 OF THE CLAYTON**
                                         )   **ACT; AND 5) LANHAM ACT**
20  _____ )   [DEMAND FOR JURY TRIAL]

21
         Plaintiff Pro Search Plus, LLC ("PSP") files this Complaint against
22
    Defendant VFM Leonardo, Inc. ("VFML") to secure damages and injunctive
23
    relief, and demanding trial by jury, claims and alleges as follows:
24
                                    **I.**
25
                        **SUMMARY OF THE CASE**
26
         1.    This lawsuit centers around Defendant VFML's deliberate and
27
    continuing attempt to monopolize, and monopolization of, the market for the
28

1  production, management, and distribution of visual content and rich media[1] for

2  online hotel listings distribution in the United States.  VFML possesses a market

3  share of approximately 80% in this market.

4      2.      Defendant VFML conceived and implemented a multifaceted

5  anticompetitive scheme to exclude competitors and to monopolize this lucrative

6  and growing market.  Within the last few years, Plaintiff PSP has developed and

7  sold a highly efficient and cost-effective competing method of producing visual

8  content and rich media for online hotel listings distribution.  To thwart

9  competition, in 2008, Defendant VFML first acquired its major competition

10  Leonardo Media, B.V., a Dutch corporation, and then entered into exclusive

11  dealing arrangements with: (a) Pegasus, the sole content and information

12  aggregator in the travel industry; and (b) all four of the global distribution systems

13  ("GDS") for visual content and rich media for online hotel listings distribution:

14  Sabre Holdings Group (owner of Sabre/Travelocity), Travelport Limited (owner of

15  Worldspan and Galileo), and Amadeus.

16      3.      As a consequence of VFML's anticompetitive conduct, competition

17  in the product market has been suppressed and virtually eliminated.  Consumers in

18  that market have suffered a loss of choice and have been required to pay higher

19  prices to distribute visual content and rich media online than would otherwise be

20  the case in a competitive market.  Plaintiff PSP, the competitive process, and

21  consumers have suffered antitrust injury by reason of VFML's unlawful, unfair,

22  and trade-restraining conduct.  PSP has been excluded from an estimated 80% of

23  the market.

## II.

## JURISDICTION AND VENUE

26      4.      This Complaint is filed and this action is instituted under Sections 4

27  _____

28      [1] Rich media refers to virtual tours and videos or other visual content that moves.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1 and 16 of the Clayton Act (15 U.S.C. §§ 15, 26) to recover the damages caused by,

2 and to secure injunctive relief against, Defendant VFML for its past and

3 continuing violations of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2),

4 Section 3 of the Clayton Act (15 U.S.C. § 14), and Section 43(a) of the Lanham

5 Act (15 U.S.C. § 1125(a)), as alleged herein.

6     5.    This Court has original and exclusive jurisdiction over the subject

7 matter of this civil action under the Lanham Act 15 U.S.C. § 1125(a) and 28

8 U.S.C. §§ 1331 and 1337.

9     6.    Venue in this district is proper because Defendant VFML transacts

10 business on a systematic and continuous basis within this District, and may be

11 found here, within the meaning of 15 U.S.C. §§ 15, 22 and 28 U.S.C. § 1391.

12 Further, the unlawful acts alleged herein were performed and occurred in material

13 part within this District.

14                     **III.**

15     **INTERSTATE COMMERCE**

16     7.    The actions complained of herein have restrained and will restrain

17 and adversely affect interstate commerce in that both Plaintiff PSP and Defendant

18 VFML sell products and services across state lines.  Further, Plaintiff PSP and

19 Defendant VFML purchase goods and supplies in interstate commerce.

20     **IV.**

21     **THE PARTIES**

22     8.    Plaintiff Pro Search Plus LLC ("PSP") is a limited liability company

23 organized and existing under the laws of California with its principal place of

24 business located at 6 Jenner, Suite 120, Irvine, California 92618.  PSP is a

25 significant provider of production, management, and distribution services for

26 digital photographs and rich media for content for, *inter alia*, hotels and hotel

27 group websites.

28     9.    Defendant VFM Leonardo, Inc. ("VFML") is a corporation organized

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

- 3 -

1    and existing under the laws of Canada with its principal place of business at 111
2    Peter Street, Suite 530, Toronto, Canada MSV241.  Defendant VFML also has
3    offices in the United States in the cities of Chicago, Dallas, and Charlotte.
4    Defendant VFML is by far the largest provider of production, management, and
5    distribution service for digital photograph services and rich media for, *inter alia*,
6    hotels and hotel group websites.  Defendant VFML claims it "is a technology
7    leader in online visual content management and distribution systems."  Defendant
8    VFML has also represented that its VNetwork is "the most universally accepted
9    and largest online visual content distribution network."

V.

<strong>RELEVANT ANTITRUST MARKET</strong>

12    10.    The relevant product market (or submarket) for purposes of this
13    antitrust case is the production, management, and distribution of digital
14    photographs and rich media content for online hotel listings distribution.

15    11.    The relevant geographic market for purposes of this antitrust case is
16    the United States.

VI.

<strong>NATURE OF TRADE AND COMMERCE</strong>

19    **A.    In General**

20    12.    In today's electronic world, the bulk of travel arrangements for
21    airlines and lodging are arranged electronically.  Hotels are very competitive in
22    appealing to this potential group of travelers.  In that regard, all major hotels
23    display still photographs and videos/virtual tours (known as rich media) on
24    websites and more importantly on Pegasus and electronic reservation networks
25    known as GDSs, and all major travel portals such as Expedia, Priceline,
26    TripAdvisor, Orbitz, Kayak, and others known as online travel agencies ("OTA").
27    13.    Pegasus maintains a collection of electronically bookable hotels and a
28    distribution network that consists of many of the top travel websites and providers,

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1   which collectively use the key website accessed directly by consumers also to

2   include the tens of thousands of affiliate websites and partners.  Additionally,

3   Pegasus hosts this content for over 600,000 travel agents worldwide.

4       14.    A GDS is an electronic reservation network that acts as a single point

5   of access for online travel bookings by travel agents, booking sites, and large

6   corporations.  The four primary GDSs used by such travel agents, booking sites

7   and large corporations are Amadeus, Galileo, Sabre, and Worldspan.

8       15.    VFML boasts and admits that it "provides direct content feeds to over

9   100 channels, including all four GDSs (Sabre, Amadeus, Galileo, Worldspan) and

10  Pegasus; OTAs like Travelocity, Orbitz, Booking.com; third party travel sites

11  including TripAdvisor and AOL and search engines such as Google and Yahoo;

12  and more."

13      16.    Defendant VFML has an exclusive arrangement with and is,

14  therefore, the "ONLY" company that distributes digital still images/photos and

15  rich media content to Pegasus and all four major GDSs.

16      17.    Defendant VFML has exclusive arrangements with and is, therefore,

17  the only company that distributes hotel visual content to all four major GDSs.

18      18.    Defendant VFML claims that its "visual content distribution solution

19  currently serves over 1,000,000 images and rich media (virtual tours, video, flash,

20  etc.) for 85,000 [now 90,000] hotels worldwide to every GDS (Amadeus, Sabre,

21  Galileo and Worldspan), Pegasus Solutions and over 30,000 travel and travel-

22  related websites including virtually every major online travel agency such as

23  Travelocity, Expedia, Orbitz, Priceline, Concur, and Booking.com, as well as

24  major non-OTA sites such as TripAdvisor, Kayak, Yahoo!, AOL, Google,

25  YouTube and more."

26      19.    The exclusive distribution agreements described in paragraphs 16 and

27  17 are the core of Defendant VFML's monopoly power in the market for the

28  production, management, and distribution of visual content for online hotel

- 5 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  listings distribution and has enabled it to exclude competition and charge

2  supracompetitive prices.

3      20.   There is no reasonable substitute for still photos and rich media in the

4  context of promoting hotels to travel agents or consumers online.

5  **B.   History of the Online Travel Industry**

6      21.   Intermediaries help to market and to sell travel.  The main such

7  intermediary has been the travel agent.  With the advent of the Internet, the

8  consumers shifted away from brick-and-mortar travel agencies toward online

9  travel agents.

10     22.   Beginning in the 1970s, travel agencies began using GDSs to arrange

11  airline, hotel, and car rental bookings.  Each GDS was designed to deliver to the

12  travel agent instant and reliable information on airline seats, hotel rooms, and car

13  rentals along with availability and applicable rates.  Historically, the GDS

14  technology did not provide any visual content, such as digital photographs or rich

15  media.

16     23.   In or about 1989, an electronic distribution switch, known as Pegasus,

17  was launched by The Hotel Industry Switch Company ("THISCO").  The company

18  later changed its name to Pegasus Solutions, Inc. ("Pegasus"), and now connects

19  more than 100,000 hotels to the four currently existing GDSs and, from there, to

20  hundreds of online travel agents.

21     24.   In 1996, Leonardo was founded to help distribute digital photographs

22  for each of the four GDSs (Amadeus, Galileo, Sabre, and Worldspan).  The

23  products and services provided by Leonardo were developed specifically for the

24  travel industry (GDSs, Pegasus, hotels, and hotel groups).

25     25.   Defendant VFML has pursued and executed exclusive dealing

26  arrangements with all four GDSs and Pegasus, whereby Defendant VFML

27  provides the technology platform to manage and distribute photos and rich media

28  content.  By these anticompetitive and exclusionary tactics, VFML seeks to

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

- 6 -

1    eliminate its competitors from the relevant market.

2         26.    Because of its position entrenched in the relevant product market by

3    means of its exclusive dealing arrangements, Defendant VFML has increased the

4    cost of management and distribution of digital photographs and rich media to

5    hotels and hotel groups, which presently have but one choice for the distribution

6    of their digital photographs and rich media to online travel agents. Hotels and

7    hotel groups, in turn, have passed these increased costs on to consumers, so that

8    the traveling public is ultimately forced to pay the price for VFML's

9    anticompetitive and exclusionary tactics.

10   **C.    VFML's Anticompetitive and Exclusionary Strategy and Tactics**

11        27.    Throughout the relevant time period, Leonardo (and its successor

12   Defendant VFML) held and continues to hold significant market power in the

13   relevant product market and it currently enjoys a market share of approximately

14   80% in that market.

15        28.    In or about October 2007, VFM Interactive executed an exclusive

16   dealing arrangement with Sabre/Travelocity, by which Sabre/Travelocity agreed to

17   accept distribution of digital photographs and rich media exclusively from VFM

18   Interactive.

19        29.    On or about October 1, 2007, VFM Interactive executed an exclusive

20   dealing agreement with Travelport, by which Travelport agreed to accept

21   distribution of digital photographs and rich media exclusively from VFM

22   Interactive.

23        30.    On or about November 4, 2008, VFM Interactive acquired Leonardo,

24   VFM Interactive's only significant competitor in the photo distribution market.

25   By means of the acquisition, Defendant VFML obtained monopoly over the

26   relevant market. After the acquisition, VFML had the ability to distribute both

27   still content and rich media.

28        31.    On or about June 24, 2009, VFML executed an exclusive dealing

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1 agreement with Pegasus, by which Pegasus agreed to accept distribution of digital

2 photographs and rich media exclusively from VFML.

3      32.    On or about June 30, 2009, as a direct result of its exclusive dealing

4 arrangement with VFML, Pegasus terminated a three-year, non-exclusive

5 relationship with a competitor, ICE Portal.

6      33.    Defendant VFML claims that its distribution platform "is utilized by

7 nearly all major hotel chains and representation companies globally to manage and

8 distribute visual content for their hotels, including Best Western, Carlson, Choice,

9 Fairmont, Hilton, IHG, leading hotels of the world, Synxis, TravelClick, Utell,

10 Wyndham and many more." Defendant VFML holds itself out as the "visual

11 content switch" for the travel industry.

12      34.    Defendant VFML continues to propose and execute exclusive dealing

13 arrangements with a variety of hotels and hotel chains by which, in order to

14 distribute digital photographs, each hotel or hotel chain must agree to use said

15 Defendant as its exclusive distributor of rich media.

## VII.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Actual Monopolization in Violation of

### Section 2 of the Sherman Act (15 U.S.C. § 2)

21      35.    Plaintiff PSP hereby realleges and incorporates by reference each

22 allegation set forth in Paragraphs 1 through 34, as if set forth in full herein.

23      36.    Section 2 of the Sherman Act (15 U.S.C. § 2) prohibits, *inter alia*, the

24 willful monopolization of any part of the trade or commerce among the States.

25      37.    Defendant VFML is an entrenched player and dominates the relevant

26 market in the United States, possessing a market share of approximately 80%.

27      38.    There are significant and high barriers to market entry that prevent

28 other competitors, such as PSP, from rapidly and meaningfully entering and/or

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

- 8 -

1    expanding in this relevant market, which include, but are not limited to, the

2    following:

3            (a)  VFML's dominant market position as a monopolist of the

4    production, management, and distribution of images and rich media for online

5    hotel listings distribution acquired and maintained by a series of exclusive dealing

6    contracts which operate to eliminate competition;

7            (b)  patents, trademarks, and other intellectual property rights relating

8    to the production, management, and distribution of images and rich media for

9    online hotel listings distribution;

10           (c)  a substantial up-front capital investment required to penetrate and

11   enter the market and provide online hotel listings distribution services;

12           (d)  a significant lead time to design and produce online hotel listings

13   distribution and develop a reputation such that the products/services can be

14   successfully marketed and sold to buyers; and

15           (e)  requirement of access to a nationwide sales and online

16   distribution network for these products/services.

17       39.    Defendant VFML has monopoly power in the relevant market, as

18   reflected by, *inter alia*, its substantial share of the online hotel listings distribution

19   market, its ability to exclude competition in the market, and its ability to charge

20   supracompetitive prices for these products/services.

21       40.    Defendant VFML's monopoly position in the relevant market has

22   been acquired and maintained through intentional exclusionary and predatory

23   conduct, and acquisition, as opposed to business acumen, or historic accident or by

24   virtue of offering a superior product or service, greater efficiency, or lower prices.

25       41.    Plaintiff PSP has the requisite standing to assert antitrust claims

26   against Defendant VFML because it is a participant and competitor in the relevant

27   market.

28       42.    The anticompetitive scheme and plan of Defendant VFML to attempt

1  to monopolize and/or monopolize the above-described trade and commerce has

2  been done with the intent to specifically eliminate Plaintiff PSP as a viable

3  competitor and threat to Defendant VFML's online hotel listings distribution

4  business, and to reduce competition in general.  Defendant VFML's overall

5  exclusionary scheme to monopolize consists of at least the following

6  anticompetitive acts/conduct to be viewed as a whole:

7      (a)  VFML entered into a series of exclusive dealing contracts with

8  companies involved in the use and distribution of visual content and rich media

9  for online hotel listings distribution, including without limitation, Pegasus, Sabre,

10  Worldspan, Galileo, and Amadeus; and

11      (b)  VFML successfully threatened, intimidated, deceived, and/or

12  coerced actual and potential purchasers of PSP's products/services not to deal with

13  PSP.

14      43.    Conduct is anticompetitive when it unnecessarily excludes or

15  handicaps competitors in order to gain or maintain a monopoly.  Anticompetitive

16  or exclusionary practices are acts designed to deter potential rivals from entering

17  the market or prevent existing rivals from increasing their output.  Anticompetitive

18  acts are not competition on the merits, but instead acts that have the effect of

19  preventing or excluding competition or frustrating the efforts of other companies

20  to compete for customers within the relevant market.  Conduct by a monopolist

21  that constitutes a deliberate effort to discourage customers from doing business

22  with its smaller rivals is anticompetitive.

23      44.    Defendant VFML's anticompetitive and exclusionary conduct

24  described herein is not motivated or driven by technological or efficiency concerns

25  and has no valid or legitimate business justification.  Rather, its purpose and effect

26  is to ensure that Plaintiff PSP and other smaller rivals in the relevant market

27  cannot successfully invade or erode Defendant VFML's dominant and entrenched

28  market position.

45.   During the relevant time period, Defendant VFML and Plaintiff PSP have both designed, marketed, and sold online images and rich media hotel listings distribution products/services in the United States. The marketing, distribution, and sale of such products/services directly involves, and substantially affects, interstate commerce. The violations of the Sherman and Clayton Acts alleged herein adversely, directly, and substantially affect the flow of such products/services in interstate commerce.

46.   As alleged herein, Defendant VFML has engaged in an anticompetitive scheme to prevent Plaintiff PSP and other competitors from penetrating or expanding in the relevant market, all for the unlawful purpose of maintaining and increasing Defendant VFML's market share and supracompetitive pricing on its online hotel listings distribution products/services.

47.   The aforesaid conduct of Defendant VFML has produced antitrust injury, and unless enjoined by this Court, will continue to produce at least the following anticompetitive, exclusionary, and injurious effects upon competition in interstate commerce:

(a)  competition in the online hotel listings distribution market has been substantially and unreasonably restricted, lessened, foreclosed, and eliminated;

(b)  barriers to entry into the market have been raised;

(c)  consumer choice has been, and will continue to be, significantly limited and constrained as to selection, price, and quality of online hotel listings distribution;

(d)  consumer access to Plaintiff PSP's competitive products/services will be artificially restricted and reduced and its products/services will continue to be excluded from the market;

(e)  the market for the production, management, and distribution of images and rich media for online hotel listings distribution will continue to be

1   artificially restrained or monopolized; and

2           (f) Defendant VFML will continue to charge supracompetitive prices

3   to the detriment of consumers.

4       48.   Defendant VFML's predatory and exclusionary conduct has caused

5   antitrust injury to Plaintiff PSP, competition, and consumers.

6       49.   By reason of, and as a direct and proximate result of, Defendant

7   VFML's anticompetitive and exclusionary practices and conduct, Plaintiff PSP has

8   suffered, and will continue to suffer, financial injury to its business and property.

9   As a result, Plaintiff PSP has been deprived of revenue and profits it would have

10  otherwise made, suffered diminished market growth, and sustained a loss of

11  goodwill. Plaintiff PSP has not yet calculated the precise extent of its past

12  damages and cannot now estimate with precision the future damages that continue

13  to accrue, but when Plaintiff PSP does so, PSP will seek leave of the Court to

14  insert the amount of the damages sustained herein.

15              **SECOND CAUSE OF ACTION**

16          **Attempted Monopolization in Violation of**

17          **Section 2 of the Sherman Act (15 U.S.C. § 2)**

18      50.   Plaintiff PSP hereby realleges and incorporates by reference each

19  allegation set forth in Paragraphs 1 through 49, as if set forth in full herein.

20      51.   Section 2 of the Sherman Act (15 U.S.C. § 2) prohibits, *inter alia*,

21  attempts to monopolize any part of the trade or commerce among the States.

22      52.   Defendant VFML's conduct and practices are anticompetitive,

23  predatory, and/or exclusionary. Defendant VFML's overall unlawful scheme is

24  described in paragraphs 12 through 34 above.

25      53.   Plaintiff PSP has the requisite standing to assert antitrust claims

26  against Defendant VFML because it is a participant and competitor in the relevant

27  market.

28      54.   Absent action by this Court to enjoin and preclude Defendant VFML

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  from continuing its anticompetitive and exclusionary conduct, there is a dangerous
2  probability that VFML will succeed in obtaining a monopoly in the relevant
3  market (or continue to monopolize), including the power to set prices, reduce
4  output, or exclude competition in the market for the production, management, and
5  distribution of visual content and rich media for online hotel listings distribution.
6      55.    Defendant VFML has undertaken its anticompetitive and
7  exclusionary conduct with the purpose of monopolizing, and with the deliberate
8  and specific intent to monopolize, the relevant market in the United States.
9  Defendant VFML specifically intends to eliminate, destroy, or foreclose
10  meaningful competition in the relevant market through the tactics and
11  exclusionary agreements described above.  Defendant VFML's conduct
12  discourages and/or precludes hotels from dealing or contracting with competing
13  suppliers, such as Plaintiff PSP.  Defendant VFML's scheme is designed to
14  exclude and thwart competition while allowing it to charge supracompetitive
15  prices for its hotel listings distribution products/services.
16      56.    As described above, significant and high barriers to market entry exist
17  that preclude or discourage new competitors from entering the relevant market.
18  Significant barriers to expansion also exist because only a small number of
19  competitors have managed to marginally penetrate this market.
20      57.    Defendant VFML's anticompetitive acts affect a substantial amount
21  of interstate commerce in the relevant market and constitute attempted
22  monopolization in violation of Section 2 of the Sherman Act.  Defendant VFML's
23  conduct is not motivated by technological or efficiency concerns and has no valid
24  or legitimate business justification.  Instead, its purpose and effect is to further or
25  preserve its monopoly position and stranglehold, and to injure consumer welfare,
26  Plaintiff PSP, and other competitive rivals in the relevant market.
27      58.    Defendant VFML's anticompetitive acts have caused substantial
28  economic injury to Plaintiff PSP, and have also injured competition in the relevant

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1   market by, *inter alia*, foreclosing, lessening, and eliminating competition and

2   depriving hotels from securing lower cost or higher quality alternatives, or both,

3   for images and rich media for online hotel listings distribution products/services.

4       59.   The aforesaid conduct of Defendant VFML has produced antitrust

5   injury, and unless enjoined by this Court, will continue to produce at least the

6   following anticompetitive, exclusionary, and injurious effects upon competition in

7   interstate commerce:

8           (a)  competition in the production, management, and distribution of

9   images and rich media for online hotel listings distribution has been substantially

10  and unreasonably restricted, lessened, foreclosed, and eliminated;

11          (b)  barriers to entry into the relevant market have been raised;

12          (c)  consumer choice has been, and will continue to be, significantly

13  limited and constrained as to selection, price, and quality of online hotel listings

14  distribution services/products;

15          (d)  consumer access to Plaintiff PSP's competitive offerings will be

16  artificially restricted and reduced and its products/services will continue to be

17  excluded from the market;

18          (e)  the market for the production, management, and distribution of

19  images and rich media for online hotel listings distribution will continue to be

20  artificially restrained or monopolized; and

21          (f)  Defendant VFML will continue to charge supracompetitive prices

22  to the detriment of consumers.

23      60.   Defendant VFML's predatory and exclusionary conduct has caused

24  antitrust injury to Plaintiff PSP, competition, and consumers.

25      61.   By reason of, and as a direct and proximate result of, Defendant

26  VFML's practices and conduct, Plaintiff PSP has suffered, and will continue to

27  suffer, financial injury to its business and property. As a result, Plaintiff PSP has

28  been deprived of revenue and profits it would have otherwise made, suffered

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  diminished market growth, and sustained a loss of goodwill.  Plaintiff PSP has not

2  yet calculated the precise extent of its past damages and cannot now estimate with

3  precision the future damages that continue to accrue, but when Plaintiff PSP does

4  so, PSP will seek leave of the Court to insert the amount of the damages sustained

5  herein.

### THIRD CAUSE OF ACTION

#### Unlawful Arrangements in Violation of

#### Section One of the Sherman Act (15 U.S.C. § 1)

9      62.    Plaintiff PSP hereby alleges and incorporates by reference each

10  allegation set forth in Paragraphs 1 through 61, as if set forth in full herein.

11      63.    Section 1 of the Sherman Act (15 U.S.C. § 1) prohibits, *inter alia*,

12  agreements or arrangements that unreasonably restrain competition to the

13  detriment of consumers.

14      64.    Defendant VFML's conduct has been highly successful in distorting

15  and/or eliminating competition in the relevant market by forcing customers to

16  choose Defendant VFML's hotel listings distribution products/services over that

17  of substantially lower priced and/or better quality products/services from Plaintiff

18  PSP.

19      65.    The relevant product market (or submarket) for antitrust purposes in

20  this case is defined as the production, management, and distribution of digital

21  photographs and rich media content for online hotel listings distribution.  The

22  relevant geographic market for antitrust purposes is the United States.

23      66.    Defendant VFML has sufficient economic power in the relevant

24  market.  VFML's market share is in excess of 80%.  VFML has a significant

25  economic interest in the market and clearly dominates and controls that market.

26      67.    Plaintiff PSP has the requisite standing to assert antitrust claims

27  against Defendant VFML because it is a participant and competitor in the relevant

28  market.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

68.   The anticompetitive scheme and plan of Defendant VFML to unreasonably restrain trade in the above-described trade and commerce has been done with the intent to specifically eliminate Plaintiff PSP as a viable competitor and threat to VFML's online hotel listings distribution business and to reduce competition in general.  These agreements and combinations constitute unreasonable restraints of trade.  The overall anticompetitive scheme consists of at least the following acts/conduct to be viewed as a whole:

(a)  VFML entered into a series of exclusive dealing contracts with companies involved in the use and distribution of visual content and rich media for online hotel listings distribution, including without limitation, Pegasus, Sabre, Worldspan, Galileo, and Amadeus; and

(b)  VFML successfully threatened, intimidated, deceived and/or coerced actual and potential purchasers of Plaintiff PSP's products/services not to deal with PSP.

69.   As a direct result of the foregoing anticompetitive conduct and restrictions on competition, hotels pay Defendant VFML higher prices for online hotel listings distribution services than they would in a fully competitive and open market, output has been limited, and the quality and choice of online hotel listings distribution has been reduced and diminished in that market.  There are no business, technological, or efficiency reasons or justifications that require Defendant VFML to impose these anticompetitive conditions and restrictions.

70.   VFML's restrictions, threats, and arrangements have created a barrier that precludes effective entry by other competitors into the relevant market, and the quality and variety of offerings in that market have been reduced and constrained.

71.   Defendant VFML's arrangements are unlawful under the antitrust laws when assessed under the "Rule of Reason."  The anticompetitive consequences of VFML's conduct outweigh any procompetitive effects thereof.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  Due to Defendant VFML's significant market power in the relevant market and the

2  dominant position it has obtained, competition in that market has been

3  significantly impaired by Defendant VFML's conduct.

4      72.    The aforesaid conduct of Defendant VFML has produced antitrust

5  injury, and unless enjoined by this Court, will continue to produce at least the

6  following anticompetitive, exclusionary, and injurious effects upon competition in

7  interstate commerce:

8          (a)  competition in the production, management, and distribution of

9  images and rich media for online hotel listings distribution has been substantially

10  and unreasonably restricted, lessened, foreclosed, and eliminated;

11          (b)  barriers to entry into the market have been raised;

12          (c)  consumer choice has been, and will continue to be, significantly

13  limited and constrained as to selection, price, and quality of online hotel listings

14  distribution;

15          (d)  consumer access to Plaintiff PSP's competitive products/services

16  will be artificially restricted and reduced and its products/services will continue to

17  be excluded from the market;

18          (e)  the market for the production, management, and distribution of

19  images and rich media for online hotel listings distribution services will continue

20  to be artificially restrained or monopolized; and

21          (f)  Defendant VFML will continue to charge supracompetitive prices

22  to the detriment of consumers.

23      73.    Defendant VFML's restrictions and arrangements affect a substantial

24  volume of interstate commerce in the relevant market.

25      74.    Defendant VFML's anticompetitive and exclusionary conduct has

26  caused antitrust injury to Plaintiff PSP, competition, and consumers.

27      75.    By reason of and as a direct and proximate result of Defendant

28  VFML's unlawful practices and conduct, Plaintiff PSP has suffered and will

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1 continue to suffer financial injury to its business and property. As a result,

2 Plaintiff PSP has been deprived of revenues and profits it would have otherwise

3 made, suffered diminished market growth, and sustained a loss of goodwill.

4 Plaintiff PSP has not yet calculated the precise extent of its past damages and

5 cannot now estimate with precision the future damages that continue to accrue, but

6 when Plaintiff PSP does so, PSP will seek leave of the Court to insert the amount

7 of the damages sustained herein.

## FOURTH CAUSE OF ACTION

### Unlawful Exclusionary Arrangements in Violation of
### Section 3 of the Clayton Act (15 U.S.C. § 14)

11     76.    Plaintiff PSP hereby alleges and incorporates by reference each

12 allegation set forth in Paragraphs 1 through 75, as if set forth in full herein.

13     77.    Section 3 of the Clayton Act (15 U.S.C. § 14) makes it unlawful, *inter*

14 *alia*, "[f]or any person . . . to lease or make a sale or contract for sale of goods . . .

15 on the condition, agreement, or understanding that the lessee or purchaser thereof

16 shall not use or deal in the goods . . . of a competitor . . . of the lessor or seller,

17 where the effect . . . may be to substantially lessen competition or tend to create a

18 monopoly" in the relevant market. Arrangements and contracts whose probable

19 effect is to foreclose competition in a substantial share or segment of the line of

20 commerce affected violate Section 3.

21     78.    The relevant product market (or submarket) for antitrust purposes in

22 this case is defined as the production, management, and distribution of digital

23 photographs and rich media for online hotel distribution. The relevant geographic

24 market for antitrust purposes is the United States.

25     79.    Defendant VFML dominates the relevant market in the United States,

26 possessing a market share greater than 80%.

27     80.    There are significant and high barriers to market entry that prevent

28 other competitors from rapidly and meaningfully entering and/or expanding in the

1  relevant market, which include but are not limited to the following:

2  (a)  Defendant VFML's dominant market position as a monopolist of

3  the production, management, and distribution of images and rich media for online

4  hotel listings distribution services/products with a history of engaging in

5  exclusionary and anticompetitive conduct to eliminate competition;

6  (b)  patents, trademarks, and other intellectual property rights relating

7  to images and rich media for online hotel listings distribution;

8  (c)  a substantial up-front capital investment required to penetrate and

9  enter the market and provide online hotel listings distribution;

10  (d)  a significant lead time to design and provide online hotel listings

11  distribution and develop a reputation such that the products/services can be

12  successfully marketed and sold to buyers; and

13  (e)  requirement of access to a nationwide sales and online

14  distribution network.

15  81.  Plaintiff PSP has the requisite standing to assert antitrust claims

16  against Defendant VFML because it is a participant and competitor in the relevant

17  market.

18  82.  The anticompetitive scheme and plan of Defendant VFML to

19  substantially lessen competition and create a monopoly in the above-described

20  trade and commerce has been done with the intent to specifically eliminate

21  Plaintiff PSP as a viable competitor and threat to Defendant VFML's online hotel

22  listings distribution business and to reduce competition in general.  Defendant

23  VFML's overall anticompetitive scheme consists of at least the following

24  acts/conduct to be viewed as a whole:

25  (a)  VFML entered into a series of exclusive dealing contracts with

26  companies involved in the use of visual and rich media content for online hotel

27  listings distribution, including without limitation, Pegasus, Sabre, Worldspan,

28  Galileo, and Amadeus; and

- 19 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1     (b) VFML successfully threatened, intimidated, deceived, and/or

2 coerced actual and potential purchasers of PSP online hotel listings distribution

3 services/products not to deal with PSP.

4     83.    Exclusive dealing arrangements have the effect of inducing or

5 coercing a buyer to purchase most, or all, products for a period of time from one

6 supplier. The arrangement may take the form of a requirements contract

7 committing the buyer to purchase all (or a substantial portion) of its requirements

8 of a specific product only from one supplier. Such unlawful arrangements also

9 include pricing or rebate policies that create a substantial disincentive to purchase

10 products from competitive sources.

11     84.    Exclusionary arrangements do not actually have to proscribe

12 exclusivity to be deemed unlawful under Section 3. Such "de facto" arrangements,

13 understandings, and/or contracts are anticompetitive if they create or maintain

14 market power resulting in the exclusion of rivals.

15     85.    Exclusionary arrangements or contracts can be found illegal even

16 though the contract/arrangement does not contain specific agreements not to use

17 the products of a competitor, if the practical effect is to prevent such use or

18 purchase. Further, contracts or arrangements utilized by a monopolist that provide

19 price discounts or rebates to induce a buyer to purchase most, or all, of their

20 product needs, but do not require absolute exclusivity are also unlawful de facto

21 exclusive dealing arrangements.

22     86.    Defendant VFML's anticompetitive and exclusionary conduct

23 described herein is not motivated or driven by technological or efficiency

24 concerns, and has no valid or legitimate business justification. Rather, its purpose

25 and effect is to ensure that Plaintiff PSP and other competitive rivals in the

26 relevant market cannot successfully invade or erode Defendant VFML's dominant

27 and entrenched online hotel listings distribution market position.

28     87.    During the relevant time period, Defendant VFML and Plaintiff PSP

1    have both designed, created, marketed, distributed, and sold online hotel listings

2    distribution products/services in the United States.  The marketing, distribution,

3    and sale of such products/services directly involves, and substantially affects,

4    interstate commerce.  The violations of the Clayton Act alleged herein adversely,

5    directly, and substantially affect the flow of such products in interstate commerce.

6         88.    The aforesaid unlawful conduct of Defendant VFML has produced

7    antitrust injury, and unless enjoined by this Court, will continue to produce at least

8    the following anticompetitive, exclusionary, and injurious effects upon

9    competition in interstate commerce:

10            (a)  competition in the production, management, and distribution of

11   images and rich media for online hotel listings distribution products/services has

12   been substantially and unreasonably restricted, lessened, foreclosed, and

13   eliminated;

14            (b)  barriers to entry into the market have been raised;

15            (c)  consumer choice has been, and will continue to be, significantly

16   limited and constrained as to selection, price, and quality of online hotel listings

17   distribution;

18            (d)  consumer access to Plaintiff PSP's competitive products/services

19   will be artificially restricted and reduced and its products/services will continue to

20   be excluded from the market;

21            (e)  the market for production, management, and distribution of

22   images and rich media for online hotel listings distribution products/services will

23   continue to be artificially restrained or monopolized; and

24            (f)  Defendant VFML will continue to charge supracompetitive prices

25   to the detriment of consumers.

26        89.    Defendant VFML's practices, described above, have foreclosed

27   competition in a substantial share of the relevant market and have substantially

28   lessened competition and/or tended to create a monopoly for Defendant VFML in

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

- 21 -

1    the relevant market.

2        90.    Defendant VFML's exclusionary agreements, arrangements, and/or

3    contracts have caused antitrust injury to Plaintiff PSP, competition, and

4    consumers.  Conduct that restricts consumer choice or makes the market

5    unresponsive to consumer preference harms consumers and results in antitrust

6    injury.  When an agreement detrimentally changes the market make-up and limits

7    consumers' choice to one source of output, this causes cognizable antitrust injury

8    of preventing its victims from making free and unhindered choices between

9    market alternatives.

10       91.    Defendant VFML's anticompetitive and exclusionary conduct has

11   caused antitrust injury to Plaintiff PSP, competition, and consumers.

12       92.    By reason of, and as a direct and proximate result of, Defendant

13   VFML's unlawful practices and conduct, Plaintiff PSP has suffered, and will

14   continue to suffer, financial injury to its business and property.  As a result,

15   Plaintiff PSP has been deprived of revenues and profits it would have otherwise

16   made, suffered diminished market growth, and sustained a loss of goodwill.

17   Plaintiff PSP has not yet calculated the precise extent of its past damages and

18   cannot now estimate with precision the future damages that continue to accrue, but

19   when Plaintiff PSP does so, PSP will seek leave of the Court to insert the amount

20   of the damages sustained herein.

21                    **FIFTH CAUSE OF ACTION**

22            **Violation of Section 43(a) of the Lanham Act**

23                      **(15 U.S.C. § 1125(a))**

24       93.    Plaintiff PSP hereby alleges and incorporates by reference each

25   allegation set forth in Paragraphs 1 through 92 of this Complaint as if set forth in

26   full herein.

27       94.    Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) prohibits a

28   competitor from engaging in commercial advertising, marketing, or promotion that

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

"misrepresents the nature, characteristics, qualities, or geographic origin of" its own or a competitor's "goods, services, or commercial activities." The Lanham Act also prohibits a competitor from making "any false designation of origin, false or misleading description of fact or false or misleading representation of fact which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association . . . as to the origin, sponsorship, or approval of" its own "goods, services, or commercial activities." Id.

95.     The Lanham Act is intended to provide protection against a myriad of false, misleading, and deceptive commercial practices. It was enacted to protect against unfair competition. It is a remedial statute that is to be broadly applied and construed.

96.     VScape is the name of VFML's multimedia online viewer which is part of VFML's digital asset management system. All four GDSs as well as Pegasus "source Hotel Visual Content Through VScape." "Tens of thousands of travel-related channels including online travel agencies, travel research and supplier websites, search portals . . . and more also source visual content through VScape. VFML has also widely announced and promoted that its "new embedded 'VPowered' multimedia viewers" provide consumers with "richer and more complete visual experiences complete with images, video and virtual tours of the hotels they are researching."

97.     Within the relevant time period, and on a continuing basis, Defendant VFML, and through its representatives acting under its supervision and control, has made at least the following false, deceptive, or misleading statements or representations to actual and potential customers or buyers concerning Plaintiff PSP's photographic images and rich media content and online hotel listings distribution products/services (there are many more examples):

(a)  misappropriated hotel photo images and rich media created by Plaintiff PSP and caused such materials to be distributed and displayed on the

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  Yahoo! Travel website for Best Western properties (and other hotel properties)

2  with the false and misleading designation of origin reading: "Hotel images

3  provided by VFM Leonardo Inc";

4         (b)  misappropriated hotel photo images and virtual tours created by

5  Plaintiff PSP and caused such materials to be distributed and displayed on

6  Intercontinental Hotel Group ("IHG") websites for IHG properties with VFML's

7  "VPowered" name and logo appearing at the bottom of the "VScape" viewer

8  thereby deceiving, misleading, and/or confusing a reasonable person into

9  believing that VFML is the source and/or creator of the images/rich media, instead

10 of Plaintiff PSP;

11        (c)  misappropriated hotel photo images and virtual tours created by

12 Plaintiff PSP and caused such materials to be distributed and displayed on the

13 Priceline.com travel website for Best Western properties (and other hotel

14 properties) with VFML's "VPowered" name and logo appearing at the bottom of

15 the "VScape" viewer thereby deceiving, misleading, and/or confusing a reasonable

16 person into believing that VFML is the source and/or creator of the images/rich

17 media, instead of Plaintiff PSP;

18        (d)  misappropriated hotel photo images and virtual tours created by

19 Plaintiff PSP and caused such materials to be distributed and displayed on

20 Travelocity websites for Best Western properties (and other hotel properties) with

21 VFML's "VPowered" name and logo appearing at the bottom of the "VScape"

22 viewer thereby deceiving, misleading, and/or confusing a reasonable person into

23 believing that VFML is the source and/or creator of the images/rich media, instead

24 of Plaintiff PSP;

25        (e)  misappropriated hotel photo images and virtual tours created by

26 Plaintiff PSP and caused such materials to be distributed and displayed on

27 America's Best Value Inn websites for its properties with VFML's "VPowered"

28 name and logo appearing at the bottom of the "VScape" viewer thereby deceiving,

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  misleading, and/or confusing a reasonable person into believing that VFML is the
2  source and/or creator of the images/rich media, instead of Plaintiff PSP;

3        (f)  misappropriated hotel photo images and virtual tours created by
4  Plaintiff PSP and caused such materials to be distributed and displayed on
5  bookit.com websites for Best Western properties (and other hotel properties) with
6  VFML's "VPowered" name and logo appearing at the bottom of the "VScape"
7  viewer thereby deceiving, misleading, and/or confusing a reasonable person into
8  believing that VFML is the source and/or creator of the images/rich media, instead
9  of Plaintiff PSP;

10        (g)  misappropriated hotel photo images and virtual tours created by
11  Plaintiff PSP and caused such materials to be distributed and displayed on Best
12  Western's website for its properties with VFML's "VPowered" name and logo
13  appearing in the "VScape" viewer thereby deceiving, misleading, and/or confusing
14  a reasonable person into believing that VFML is the source and/or creator of the
15  images/rich media, instead of Plaintiff PSP;

16        (h)  misappropriated hotel photo images and rich media created by
17  Plaintiff PSP and caused such materials to be distributed and displayed on the
18  Google "hotel finder" travel website for Best Western properties (and other hotel
19  properties) with the false and misleading designation of origin reading: "Photo:
20  VFM Leonardo";

21        (i)  misappropriated hotel photo images and rich media created by
22  Plaintiff PSP and caused such materials to be distributed and displayed on the
23  slide show portion of Kayak's travel website for Best Western properties (and
24  other hotel properties) with the false and misleading designation of origin reading:
25  "Image from VFM Leonardo, Inc.";

26        (j)  misappropriated hotel photo images and rich media created by
27  Plaintiff PSP and caused such materials to be distributed and displayed above the
28  images of Bing's website for Best Western properties (and other hotel properties)

1   with the false and misleading designation of origin reading: "Images By VFM
2   Leonardo, Inc."; and

3              (k)  misappropriated hotel photo images and rich media created by
4   Plaintiff PSP and caused such materials to be distributed and displayed at the
5   bottom of the VFML "VPowered" viewer on the Automobile Club of Southern
6   California's website for Best Western properties (and other hotel properties) with
7   the false and misleading designation of origin reading: "Videos, Virtual Tours &
8   Photos Provided by VFM Leonardo Inc."

9        98.    These material false, deceptive, and misleading statements or
10   misrepresentations were communicated by Defendant VFML to actual and
11   potential customers by means of sales and marketing presentations and online
12   websites.

13        99.    Plaintiff has not authorized or consented to Defendant VFML's use of
14   its images and rich media.  Plaintiff PSP does not have any agreements or
15   understandings with Defendant VFML.

16        100.   Defendant VFML knew, or had reason to believe, that these
17   representations were false or misleading and were likely to cause a substantial
18   segment of actual and potential buyers of Plaintiff PSP's products/services to be
19   deceived, confused, and/or mistaken about the nature, source, characteristics,
20   qualities, and/or origin of Defendant VFML's products/services, and those of
21   Plaintiff PSP.

22        101.   These material statements and representations deceived, or had the
23   capacity to deceive or confuse, a substantial segment of actual and potential
24   customers and did, or were likely to, influence their purchasing decisions.

25        102.   Defendant VFML's actionable and wrongful conduct has caused
26   commercial and competitive injury to Plaintiff PSP.

27        103.   Defendant VFML's false, deceptive, and misleading practices have
28   affected a substantial volume of interstate commerce.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1    104.    By reason of, and as a direct and proximate result of, Defendant

2    VFML's false, deceptive, confusing, and misleading practices and conduct,

3    Plaintiff PSP has suffered, and will continue to suffer, financial injury to its

4    business and property.  As a result, Plaintiff PSP has been deprived of revenues

5    and profits it otherwise would have made, suffered diminished market growth, and

6    sustained a loss of goodwill.  Plaintiff PSP has not yet calculated the precise extent

7    of its past damages and cannot now estimate with precision the further damages

8    which continue to accrue, but when Plaintiff PSP does so, PSP will seek leave of

9    the Court to insert the amount of the damages sustained herein.

10    **PRAYER FOR RELIEF**

11    WHEREFORE Plaintiff PSP prays that this Court adjudge and decree as

12    follows:

13    1.    That the conduct alleged in the First Cause of Action herein be

14    adjudged to be unlawful monopolization in violation of Section 2 of the Sherman

15    Act (15 U.S.C. § 2);

16    2.    That the conduct alleged in the Second Cause of Action herein be

17    adjudged to be an unlawful attempt to monopolize in violation of Section 2 of the

18    Sherman Act (15 U.S.C. § 2);

19    3.    That the conduct alleged in the Third Cause of Action herein be

20    adjudged to be an unreasonable restraint of trade in violation of Section 1 of the

21    Sherman Act (15 U.S.C. § 1);

22    4.    That the conduct alleged in the Fourth Cause of Action herein be

23    adjudged to be in violation of Section 3 of the Clayton Act (15 U.S.C. § 14);

24    5.    That the conduct alleged in the Fifth Cause of Action herein be

25    adjudged to constitute a violation of the Lanham Ac (15 U.S.C. § 1125(a));

26    6.    That, pursuant to Section 4 of the Clayton Act (15 U.S.C. § 15),

27    Plaintiff PSP recover treble the actual amount of its damages sustained by reason

28    of those federal antitrust violations;

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1        7.     That, pursuant to Section 4 of the Clayton Act (15 U.S.C. § 15),

2 Plaintiff PSP be awarded a reasonable attorneys' fee and costs of litigation; and

3        8.     That, pursuant to Section 16 of the Clayton Act (15 U.S.C. § 26), the

4 anticompetitive, predatory, and/or exclusionary conduct of Defendant VFML be

5 permanently enjoined.

6

7 Dated: December 4, 2012               BLECHER & COLLINS, P.C.
                                    MAXWELL M. BLECHER

8                                       DONALD R. PEPPERMAN
                                      COURTNEY A. PALKO

9

10                        By: *Donald R. Pepperman*

11                              DONALD R. PEPPERMAN
                                Attorneys for Plaintiff
                                Pro Search Plus LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

## **DEMAND FOR JURY TRIAL**

Plaintiff PSP hereby demands trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1.

Dated: December 4, 2012

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER
DONALD R. PEPPERMAN
COURTNEY A. PALKO

By: *Donald R Pepperman*

DONALD R. PEPPERMAN
Attorneys for Plaintiff
Pro Search Plus LLC

51983.5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 2102 JST (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ]  **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 |  **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 |  **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Maxwell M. Blecher(SBN 26202)
BLECHER & COLLINS, P.C.
515 S. Figueroa St., Suite 1750
Los Angeles, CA  90071
Tel: (213) 622-4222

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO SEARCH PLUS, LLC, a California limited liability company | CASE NUMBER |
| PLAINTIFF(S) | SACV12-2102-JST (ANx) |
| v. | |
| VFM LEONARDO, INC., a Canadian corporation | **SUMMONS** |
| DEFENDANT(S). | |

TO:  DEFENDANT(S):

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Maxwell M. Blecher_____ , whose address is Blecher & Collins, P.C., 515 S. Figueroa St., Suite 1750, Los Angeles, CA  90071_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____DEC - 4 2012_____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                          **SUMMONS**

CCD-1A

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| PRO SEARCH PLUS, LLC, a California limited liability company | VFM LEONARDO, INC., a Canadian corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Maxwell M. Blecher<br>Donald R. Pepperman<br>BLECHER & COLLINS, P.C.<br>515 S. Figueroa St., Suite 1750<br>Los Angeles, CA 90071<br>Tel: 213-622-4222 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Causes of action for violation of the federal antitrust laws pursuant to Sections 1 and 2 of the Sherman Act, Section 3 of the Clayton Act, and Section 43(a) of the Lanham Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☒ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

| FOR OFFICE USE ONLY: Case Number: | SACV12-2102 |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|
| | | CCD-JS44 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Canada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**  _Donald R. Pepperman_   Date December 4 2012

Donald R. Pepperman

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |